Solomon & Cohen, P.C.
7910 Woodmont Ave, Ste 1430
Bethesda, MD 20814-7047
Attorneys for Plaintiff, Eyoel Negga

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND – SOUTHERN DIVISION

| | |
|---|---|
| EYOEL NEGGA,<br>           Plaintiff,<br>vs.<br>MANN BRACKEN, LLC,<br>           Defendant. | Civil Action No. |

# COMPLAINT

# Contents

TABLE OF EXHIBITS ................................................................................................3

I. PARTIES ..................................................................................................................4

II. JURISDICTION AND VENUE............................................................................4

III. FACTS APPLICABLE TO ALL COUNTS.......................................................5

   *A. Initial Letter Claim & Mann Bracken's False Swearing*................................5

   *B. False Swearing as to Creditor's Identity* ..........................................................7

   *C. False Swearing as to Account Number* .............................................................8

   *D. False Swearing as to the Parties' Written Arbitration Contract* ......................8

   *D. Negga's Arbitration Objection Letter* ..............................................................9

   *E. FIA/Mann Bracken's First Reply*..................................................................10

   *F. FIA/Mann Bracken's Second Reply* ...............................................................11

   *G. Dismissal of Arbitration* ................................................................................14

   *H. The Fair Debt Collection Practices Act* ........................................................14

IV. FIRST CAUSE OF ACTION: Unauthorized Third Party Communications. ...16

V. SECOND CAUSE OF ACTION: False Representations ..................................16

VI. THIRD CAUSE OF ACTION: False Representation of the Legal Status of a Debt. .................................................................................................................................16

VII. FOURTH CAUSE OF ACTION: Lack of Meaningful Attorney Review.......17

VIII. FIFTH CAUSE OF ACTION: Taking Action Not Legally Permitted...........17

IX. SIXTH CAUSE OF ACTION: False Representations to Collect Debt ............17

X. SEVENTH CAUSE OF ACTION: Unfair and Unconscionable Means............18

XI. EIGHTH CAUSE OF ACTION: Class Action ................................................18

XIII. REQUESTED RELIEF..................................................................................18

# TABLE OF EXHIBITS

Exhibit A: Initial Letter

Exhibit B: Federal Express Delivery Record

Exhibit C: Objection Letter

Exhibit D: Mann Bracken's First Reply

Exhibit E: Stay Request

Exhibit F: Stay

Exhibit G: All Documents to Arbitrator

Exhibit H: Second Request

Exhibit I: Stay Lifted

Exhibit J: Order dated September 25, 2007

Plaintiff, EYOEL NEGGA, by way of Complaint against Defendants, says:

## I. PARTIES

1. Plaintiff, Eyoel Negga ("Negga") is an individual residing in the City of Dallas, Dallas County, Texas and is a citizen of the State of Texas.

2. Defendant, Mann Bracken, LLC ("Mann Bracken") is a limited liability company existing pursuant to the laws of the State of Georgia engaged in the practice of law. Mann Bracken maintains its principal business address at 702 King Farm Boulevard, Rockville, Maryland.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to the claims against Mann Bracken under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

4. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

6. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)(3) because, Mann Bracken resides in this judicial district.

## III. FACTS APPLICABLE TO ALL COUNTS

7. FIA Card Services, N.A., a national banking institution, has asserted that Negga incurred a financial obligation to Bank of America, N.A. ("BOA") for primarily personal, family, or household purposes.

8. That financial obligation is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Negga is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

### *A. Initial Letter Claim & Mann Bracken's False Swearing*

9. By letter dated January 11, 2008 ("Initial Letter"), Mann Bracken wrote to Negga.

10. The Initial Letter included: a covering letter; a written claim ("Claim"); a summary of account information; a notice of arbitration; and a copy of three Delaware statutes.

11. A true copy of the Initial Letter is annexed as Exhibit A.

12. The Initial Letter was sent using Federal Express and identified by tracking number 7914 7482 2210.

13. According to the records from Federal Express, the Initial Letter was shipped on January 11, 2008 and received by Negga on January 17, 2008.

14. A true copy of such records is attached as Exhibit B.

15. On information and belief, Clayton D. Moseley, Esq. was, at all times relevant, an attorney at law licensed by the State of Georgia and an employee of Mann Bracken.

16. The conduct of Clayton D. Moseley, Esq. as alleged in this Complaint was, on information and belief, authorized by Mann Bracken, consistent with policies and practices of Mann Bracken, and in accordance with training provided to attorneys employed by Mann Bracken.

17. Mann Bracken and Clayton D. Moseley either (A) uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or (B) regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

18. As attorneys and debt collectors, Clayton D. Moseley, Esq. and Mann Bracken were obligated to undertake meaningful review regarding the claims against Negga prior to communicating with Negga or anyone else about those claims.

19. On information and belief, on or shortly prior to January 11, 2008, Clayton D. Moseley, Esq. transmitted the Claim to the National Arbitration Forum ("NAF"), a nonprofit arbitration service provided located in Minnesota.

20. The Claim was signed by Clayton D. Moseley, Esq. as an attorney with Mann Bracken. Mr. Moseley signed the claim asserting "under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct."

### *B. False Swearing as to Creditor's Identity*

21. According to the Claim as sworn to by Moseley on behalf of Mann Bracken, FIA was formerly known as "Bank of America Corporation."

22. FIA never was formerly known as "Bank of America Corporation."

23. Defendant's statement was a false statement made under oath and was materially false in that, on information and belief, (a) Bank of America Corporation is a holding company which owns banks including Bank of America, N.A., (b) Bank of America Corporation still exists and never changed its name to FIA Card Services, N.A., and (c) FIA is the new name for MBNA America Bank, N.A. which, prior to January 2006, was unrelated to Bank of America Corporation and, thereafter, became wholly owned by Bank of America Corporation. Indeed, Bank of America Corporation, under the moniker "BAC" is currently traded on the New York Stock Exchange.

24. Furthermore, on information and belief,

25. Clayton D. Moseley, Esq. and Mann Bracken made a false statement under oath with respect to FIA's name and identity.

### *C. False Swearing as to Account Number*

26. The Initial Letter, including the covering letter, the Claim and the summary of account information, refers to enforcement of a claim identified as belonging to FIA and bearing account number 4888937990572267.

27. To the best of Negga's knowledge, he was never indebted to FIA, never had an account with FIA, never heard of FIA prior to reading the Initial Letter and is unaware of any account bearing number 4888937990572267.

28. As set forth below, the only account statements subsequently proffered by FIA and Mann Bracken reflect a different account number.

29. Clayton D. Moseley, Esq. and Mann Bracken made a false statement under oath with respect to the account number.

### *D. False Swearing as to the Parties' Written Arbitration Contract*

30. The Claim, instead of attaching a copy of the alleged arbitration contract, quoted the terms at paragraph 5.

31. The quoted terms included an agreement to arbitrate claims before the NAF and for FIA to advance all arbitration fees.

32. Clayton D. Moseley, Esq. and Mann Bracken made a false statement under oath with respect to the terms of the alleged agreement to arbitrate.

### *D. Negga's Arbitration Objection Letter*

33. On February 10, 2008, Negga submitted a letter ("Objection Letter") to NAF with a copy to Mann Bracken.

34. The Objection Letter was sent via email and regular mail to Mann Bracken and to the NAF.

35. A true copy of the Objection Letter, including the covering email, is attached as Exhibit C.

36. The Objection Letter put NAF, Mann Bracken and FIA on notice that, among other things:

   a. Negga contended that there was no agreement to arbitrate;

   b. Mann Bracken's communications with NAF violated the FDCPA's third party disclosure rules; and

   c. To proceed with arbitration, Mann Bracken needed to file an action to compel arbitration and to be permitted to communicate with third parties about the alleged debt.

37. The Objection Letter demanded that all proceedings before the NAF immediately stop.

## *E. FIA/Mann Bracken's First Reply*

38. By letter dated February 15, 2008 ("First Reply"), Mann Bracken and FIA responded to the Objection Letter.

39. A true copy of the Initial Reply is attached as Exhibit D.

40. In the First Reply, Mann Bracken represented that "the terms and conditions your client agreed to by accepting and using the above referenced credit card contained an enforceable binding arbitration clause."

41. In the First Reply, Mann Bracken indicated that it would seek an indefinite stay of the arbitration so as to allow Mann Bracken to "request from my client the documents to support that fact as well as the documents supporting the merits of FIA's underlying claim."

42. Implicit in the First Reply is Mann Bracken's admission that, prior to February 15, 2008, it had not reviewed the documents to support the fact that Negga agreed to terms and conditions which "contained an enforceable binding arbitration clause."

43. Mann Bracken sent a copy of the First Reply to the NAF.

44. By document dated February 19, 2008, Mann Bracken submitted to NAF a request for an indefinite stay of the arbitration pursuant to NAF's Code of Procedure Rule 9.D. A true copy of the request is attached as Exhibit E.

45. By letter dated February 19, 2008, the NAF stayed the arbitration, a true copy of which is attached as Exhibit F.

46. By letter also dated February 19, 2008, the NAF notified Mann Bracken and Negga's attorney that all documents and future correspondence would be sent to the arbitrator. A true copy of that letter is attached as Exhibit G.

### *F. FIA/Mann Bracken's Second Reply*

47. By letter dated April 1, 2008 ("Second Reply"), Mann Bracken forwarded certain documents to Negga's attorney.

48. Included in the Second Reply were: covering letter; request to lift indefinite stay; Cardmember Agreement Affidavit with attached Cardholder Agreement; and an affidavit submitting credit account records with those records attached ("Records Affidavit").

49. A true copy of the Second Reply, excluding only the Records Affidavit, is attached as Exhibit H.

50. The Cardmember Agreement Affidavit contains the sworn statement of Gary Springs attaching "the true and correct Cardholder Agreement associated with credit card account 4888937990572267" which "is the original Agreement sent to the Card member which contained the arbitration clause."

51. The documents attached to the Cardmember Agreement Affidavit consists of five pages. The text, on the fourth page, at paragraph 1.2 is restated below because the type is virtually too small to read:

> **1.2: Parties to Agreement.** "We," "us," and "our" refer to Bank of America, N.A. (USA). "You," "your," and "yours" refer to any person (a) whose name appears on a Card or Statement or who uses this Account, or (b) who otherwise agrees to be liable on the Account.

52. The text of the Cardholder Agreement annexed to the Cardmember Agreement Affidavit, at paragraph 7.19, is restated below because the type is virtually too small to read:

> **7.19: Arbitration.** Any dispute, claim or controversy ("Claim") by or between you and us (including each other's employees, agents, or assigns) arising out of or relating to this Agreement, your Account, or the validity or scope of any provision of this Agreement including this arbitration clause shall, upon election by either you or us, be resolved by binding arbitration. Arbitration shall take place before a single arbitrator on an individual basis without resort to any form of class action. Arbitration may be selected at any time unless a judgment has been rendered or the other party would suffer substantial prejudice by the delay in demanding arbitration.
> Arbitration, including selection of an arbitrator, shall be conducted in accordance with the rules and procedures for initiating arbitration of the American Arbitration Association ("AAA"). You may contact AAA at 335 Madison Avenue, Floor 10, New York, NY 10017-4604 or http://www.adr.org, to obtain rules and forms to initiate arbitration. If AAA is unable or unwilling to serve as the provider of the arbitration or enforce any of the provisions of this agreement, we may substitute another national arbitration organization with similar procedures. This arbitration section of this Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1-16.

> Judgment upon arbitration may be entered in any court having jurisdiction. Arbitration shall be conducted in the federal judicial district in which your billing address is located at the time the claim is filed. If we request arbitration, we will advance applicable AAA fees and expenses. If the arbitrator rules in favor of one party against the other, the other party shall pay all reasonable attorney's fees and costs of the action on behalf of both parties (including any fees and expenses paid by one party on behalf of the other) unless the arbitrator or court decides such an award would cause a substantial injustice based on the facts and legal arguments set forth in the action. YOU UNDERSTAND AND AGREE THAT IF EITHER YOU OR WE ELECT TO ARBITRATE A CLAIM, THIS ARBITRATION SECTION PRECLUDES YOU AND US FROM HAVING A RIGHT OR OPPORTUNITY TO LITIGATE CLAIMS THROUGH COURT, OR TO PARTICIPATE OR BE REPRESENTED IN LITIGATION FILED IN COURT BY OTHERS, EXCEPT AS OTHERWISE PROVIDED ABOVE, ALL CLAIMS MUST BE RESOLVED THROUGH ARBITRATION IF YOU WE ELECT TO ARBITRATE.

53. Based on the Cardmember Agreement Affidavit, Defendant made a false statement under oath when, in paragraph 5 of the Claim, it falsely stated the terms of the alleged arbitration contract.

54. Based on the Cardmember Agreement Affidavit, the NAF never had jurisdiction to resolve any disputes between Negga and FIA or Bank of America, N.A. because, even if enforced, the Cardholder Agreement provided for arbitration before the AAA.

55. Along with the Second Reply, Clayton D. Moseley, Esq. and Mann Bracken submitted a request to the NAF to lift the indefinite stay, which was granted.

56. A true copy of the lifting of the stay is attached as Exhibit I.

## *G. Dismissal of Arbitration*

57. By Order dated September 25, 2008, the NAF dismissed FIA's arbitration claim due to lack of jurisdiction.

58. A true copy of the Order is attached as Exhibit J.

## *H. The Fair Debt Collection Practices Act*

59. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a) - (e).

60. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer" and not whether the plaintiff has in fact been

deceived. *Greco v. Traumer, Cohen & Thomas, L.L.P.,* 412 F.3d 260, 363 (2d Cir. 2005); *Graziano v. Harrison,* 950 F.2d 107, 111n5 (3d Cir. 1991); *Lewis v. ACB Business Services*, 135 F.3d 389 (6th Cir. 1998); *McMillan v. Collection Professionals Inc.,* 455 F.3d 754 (7th Cir. 2006); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

61. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995). Attorneys do not enjoy any common law exemptions from the obligations under the FDCPA or immunities from liabilities under the FDCPA. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007).

62. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3).

63. To prohibit unfair practices, the FDCPA, at 15 U.S.C. § 1692f, prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt

and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692f(1)-(8).

## IV. FIRST CAUSE OF ACTION: Unauthorized Third Party Communications.

64. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

65. Clayton D. Moseley, Esq. and Mann Bracken are each "debt collectors" within the meaning of the FDCPA.

66. Clayton D. Moseley, Esq. and Mann Bracken have communicated with the NAF in violation of 15 U.S.C. § 1692c(b).

## V. SECOND CAUSE OF ACTION: False Representations

67. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

68. Clayton D. Moseley, Esq. and Mann Bracken have used false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

## VI. THIRD CAUSE OF ACTION: False Representation of the Legal Status of a Debt.

69. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

70. Clayton D. Moseley, Esq. and Mann Bracken have falsely represented the legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

## VII. FOURTH CAUSE OF ACTION: Lack of Meaningful Attorney Review

71. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

72. Clayton D. Moseley, Esq. and Mann Bracken have falsely represented that they undertook meaningful attorney review of the Claim in violation of 15 U.S.C. § 1692e(3).

## VIII. FIFTH CAUSE OF ACTION: Taking Action Not Legally Permitted.

73. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

74. Clayton D. Moseley, Esq. and Mann Bracken have taken action by filing an arbitration claim and prosecuting an arbitration proceeding in a forum never agreed to by any party in violation of 15 U.S.C. § 1692e(5).

## IX. SIXTH CAUSE OF ACTION: False Representations to Collect Debt

75. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

76. Clayton D. Moseley, Esq. and Mann Bracken have used false representations to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

## X. SEVENTH CAUSE OF ACTION: Unfair and Unconscionable Means

77. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

78. Clayton D. Moseley, Esq. and Mann Bracken have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

## XI. EIGHTH CAUSE OF ACTION: Class Action

79. Negga repeats and realleges each allegation in the preceding paragraphs as if set forth here at length.

80. Subject to discovery, Negga reserves the right to amend this Complaint to assert a class action if, through discovery, it appears that the practice of Mann Bracken is to submit claims for arbitration without reviewing the actual agreement.

## XIII. REQUESTED RELIEF

81. Wherefore, Eyoel Negga demands judgment as follows:

   a. With respect to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, all damages as permitted under 15 U.S.C. § 1692k(a) including but not limited statutory damages, actual damages, and attorneys fees.

pds1387

b. With respect to the Eight Cause of Action, no relief at this time however Negga may seek such relief if, upon discovery, it appears that a class action under 15 U.S.C. § 1692k and Fed.R.Civ.P. 23 is appropriate.

c. Such other relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | Solomon & Cohen |
|  | *s/Matthew Richard Hertz* |
| Dated: January 16, 2009 | Matthew Richard Hertz |
|  | Attorneys for Plaintiff, Eyoel Negga |

pds1387